IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

THELMA WILLIAMS,
ADC #93197                                                                                              PLAINTIFF

V.                                      2:11CV00192 JMM/JTR

JANICE F. GARY,
Law Library Supervisor,
East Arkansas Regional Unit, et al.                                                     DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, Thelma Williams, is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction. He has recently filed a *pro se* § 1983 Complaint. *See* docket entry #1. However, he has not paid the $350 filing fee or filed an Application to Proceed *In Forma Pauperis*.

### I. Discussion

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed *at least* three cases that were dismissed for failing to state a claim upon which relief may be granted. *See Williams v. Gibson,* 5:07CV00178 WRW (dismissed on Aug. 13, 2007, and dismissal affirmed on appeal on Feb. 13, 2008); *Williams v. Bennett*; 5:07CV00179 JMM (dismissed on Aug. 17, 2007, and dismissal affirmed on appeal on Feb. 13, 2008); *Williams v. Smallwood*; 5:07CV00181 JMM (dismissed on September 13, 2007, and dismissal affirmed on appeal on December 8, 2008). Accordingly, Plaintiff has accumulated three strikes, as defined by § 1915(g), prior to commencing this action on October 25, 2011.[1]

Even though Plaintiff is a three striker, he may be allowed to proceed *in forma*

---

[1] Additionally, Williams has previously had *at least* seventeen cases dismissed, pursuant to the three-strikes rule. *See Williams v. Edward*, 2:08CV00188 JLH; *Williams v. Sims*, 2:08CV00196 WRW; *Williams v. Cathell;* 4:09CV00039 JMM; *Williams v. Ferricher*, 5:09CV00005 JMM; *Williams v. Manus*, 5:09CV00144 SWW; *Williams v. Mears*, 4:10CV00140 JLH; *Williams v. Johnson,* 4:10CV00141 SWW; *Williams v. Yount*, 4:10CV00142 SWW; *Williams v. Crouch,* 4:10CV00143 JMM; *Williams v. Yount*, 4:10CV01759 JLH; *Williams v. Hicks*, 5:10CV00125 JLH; *Williams v. Smith,* 5:10CV00228 DPM; *Williams v. Smith;* 5:10CV274 SWW; *Williams v. Free*, 5:10CV00145 SWW; *Williams v. Johnson*, 5:11CV0005 SWW; *Williaims v. Crouch*, 5:11CV00007 DPM; Williams v. Moore; 5:11CV00018 DPM.

*pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (clarifying that the prisoner must be in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient") (emphasis in the original.)

Plaintiff alleges that Defendants, all of whom work in the EARU law library, have denied him access to the courts by failing to properly copy documents, stealing his legal envelopes and paper, and limiting his access to the law library. *See* docket entry #1. Clearly, these allegations do not satisfy the imminent danger exception to the three strikes rule. Thus, it would be futile to order Plaintiff to file an Application to Proceed *In Forma Pauperis*.

## II.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.    This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g).

2.    If Plaintiff wishes to proceed with this claims, he must, **within thirty days of the entry** of this Order of Dismissal:  (a) pay the statutory filing fee of $350,

in full, noting the above case style and number; and (b) file a Motion to Reopen the case.

3.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this ___3___ day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE